IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID EARL COTTON, JR.,
      Plaintiff,

vs.                                   Case No.:  3:19cv1988/LAC/EMT

JONATHAN ROCKETT, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).  The matter is before the court on Plaintiff's Amended Complaint (ECF No. 5).  The court is statutorily required to review Plaintiff's Amended Complaint to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Upon review, it is evident Plaintiff has failed to state a viable claim for relief against the Defendants.  It likewise is clear Plaintiff cannot cure the deficiencies by filing a second amended complaint.  *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003)

(Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (quotation omitted).  The undersigned thus recommends the case be dismissed for failure to state a claim upon which relief can be granted.

## I.    BACKGROUND

Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF Nos. 1).  Plaintiff did not file his complaint on the court-approved form. The undersigned thus entered an order pointing out the deficiency, directing the clerk to send Plaintiff a court-approved civil rights complaint form, and allowing Plaintiff thirty days in which to file an amended complaint on the proper form (ECF No. 3). Plaintiff filed an amended complaint on the form provided to him (ECF No. 5).  He then submitted another document titled "1983 Civil Rights Complaint."   The undersigned entered an order noting that a pleading may be amended only by filing a complete copy of the amended pleading and also that the "1983 Civil Rights Complaint" Plaintiff submitted did not have a proper signature block (ECF No. 7). The undersigned directed the clerk to return the document to Plaintiff without filing and to send Plaintiff another civil rights complaint form (*id.*).   The undersigned

allowed Plaintiff additional time in which submit an amended complaint in proper form (*id.*).

Rather than file an amended complaint in proper form, Plaintiff submitted a document titled "Amendment to 1983 Civil Rights Complaint." The undersigned entered an order again advising that a pleading may be amended only by filing a complete copy of the amended pleading (ECF No. 9). The undersigned directed the clerk to return the document to Plaintiff without filing and send Plaintiff another civil rights complaint form. The undersigned allowed Plaintiff twenty-one (21) days in which to file an amended complaint and advised that, in the event he failed to do so, the court would proceed with ECF No. 5 as the operative pleading (*id.*). Plaintiff failed to timely file an amended complaint in proper form. Plaintiff's Amended Complaint (ECF No. 5) therefore is the operative pleading in the matter.

II.   DISCUSSION

A. Standard of Review

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).  The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted).  And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal marks omitted).  In other words,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be

> supported by factual allegations. When there are well-pleaded
> factual allegations, a court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement to
> relief.

*Id.* at 679. In civil rights cases, "[m]ore than mere conclusory notice pleading is

required . . . . A complaint will be dismissed as insufficient where the allegations it

contains are vague and conclusory." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th

Cir. 2003) (quotation marks and alteration omitted); *see also Beaudett v. City of*

*Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that "[p]rinciples requiring

generous construction of *pro se* complaints are not . . . without limits" and courts are

not required "to conjure up questions never squarely presented to them").

###### B. Plaintiff's Claims

Plaintiff names twelve Defendants in the Amended Complaint—Detective

Jonathan Rockett; Detective Austin Arnold; Judge Kelvin Clyde Wells; Assistant

State Attorney Matthew James Richardson; Public Defender Frankie White; Walton

County Jail; Office of the City Marshal; Walton County Sheriff's Office; Sheriff

Michael A. Adkinson, Jr.; City Marshal Mark A. Weeks; William Bill Eddins, State

Attorney; and Office of the State Attorney—asserting, as best the undersigned can

discern, claims stemming from his arrest and prosecution. Plaintiff invokes the

Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments, as well as various criminal statutes, largely without specifying the nature of his claims.[1]  As relief, Plaintiff "ask[s] that a[n] investigator be sent to examine the scar on [his] right arm and that if [his] claims are found sufficient, habeas corpus relief" (ECF No. 5 at 10).  He also "would like an investigation to be conducted to find all parties involved in this, and . . . to sue for the maximum amount for all these claims" (*id.*).

---

[1] Plaintiff's Amended Complaint is facially deficient.  Pursuant to N.D. Fla. Loc. R. 5.1(C), any document filed in a case "must be double spaced with at least 14-point font and at least one-inch margins on the top, bottom, left, and right of each page."  *Id.*  "Pages must be numbered," and "[h]andwritten documents must be legible with adequate spacing between lines."  *Id.*  Not only is there handwriting outside the margins on Plaintiff's Amended Complaint, but portions of the complaint are illegible.

In addition, Rule 10 of the Federal Rules of Civil Procedure requires that "[a] party . . . state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ."  *Id.*  Plaintiff's Amended Complaint does not comply with this standard.

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff's Amended Complaint falls far short of this standard as well.  It appears Plaintiff alleges he was arrested on suspicion of theft of a lawnmower and believes the arrest and subsequent prosecution were unlawful.  The nature and bases of Plaintiff's claims against the named Defendants, however, are not clear.  In fact, Plaintiff makes few coherent allegations against any of the Defendants.  Contrary to Plaintiff's assertion, his "claim about ritual magic" is not enough to "get past summary judgment" or even to survive the screening process.

Case No.:  3:19cv1988/LAC/EMT

As a threshold matter, Plaintiff filed a previous action in this court, *Cotton v. Rockett*, Case No. 3:18cv2127/LAC/EMT, based on the same events set forth in the Amended Complaint in this case and against each of the Defendants named in this action.[2]   Plaintiff asserted claims under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments, seeking "the maximum amounts all parties involved in wrongdoing against [him]" and for a "Federal Prosecuting Attorney" to "look into" the matter (ECF No. 12 at 9).   The court dismissed with prejudice Plaintiff's claims for monetary damages against Defendants Wells, Office of the State Attorney, State Attorney Eddins, and Assistant State Attorney Richardson because each Defendant was immune from Plaintiff's suit.   The court also dismissed with prejudice claims for monetary damages against Assistant Public Defender White for failure to state a claim upon which relief can be granted because White is not a state actor and, thus, not subject to suit under § 1983.   The court dismissed without prejudice Plaintiff's claims against Detectives Rockett and Arnold for failure to state a claim upon which relief can be granted.

---

[2] Plaintiff set forth far more factual allegations in the prior action, which were more detailed and more coherent.

Considering the claims Plaintiff asserts in this action are the same as the claims Plaintiff asserted in the prior action, to the extent such claims were dismissed with prejudice in the prior action, they are now barred by the doctrine of res judicata. As the Eleventh Circuit recently explained, "[t]he doctrine of res judicata, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *See, e.g., Stone v. JPMorgan Chase Bank*, N.A., — F. App'x. — , No. 18-13950, 2019 WL 4372867, at *2 (11th Cir. Sept. 12, 2019) (internal marks omitted). "To prove that res judicata bars a claim, a movant must show that the following four elements are met: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Id.* (internal marks omitted).

"As to the fourth element—whether the cause of action in the previous case is the same as in the current case—a cause of action is the same for res judicata purposes if it arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." *Id.* (internal marks omitted). "It is well settled that res judicata turns primarily on the commonality of the *facts* of the prior

and subsequent actions, not on the nature of the remedies sought." *Id.* (internal marks omitted). "Res judicata therefore extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Id.* (internal marks omitted).

The claims Plaintiff asserts in his Amended Complaint arise out of the same operative nucleus of fact as the claims Plaintiff asserted in the prior action—Plaintiff's arrest and prosecution. The claims thus are barred by res judicata.

Plaintiff's claims also fail for the reasons set forth in the Report and Recommendation entered in the prior action. As the court explained, Plaintiff's claims for monetary damages against Judge Wells are barred by the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Judicial immunity applies even to allegations, such as those Plaintiff sets forth, that a judge conspired with other parties to bring about a deprivation of another's rights. *See Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted). Judicial immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions,

though judicial in nature, are taken in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Mireles*, 502 U.S. at 11; *Forrester v. White*, 484 U.S. 219, 227 (1988).

Whether an act by a judge is a "judicial" one relates to the nature of the act itself (i.e., whether it is a function normally performed by a judge) and the expectations of the parties (i.e., whether the parties dealt with the judge in his judicial capacity).  *See Mireles*, 502 U.S. at 11 (*citing Stump*, 435 U.S. at 362); *see also Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996).  The relevant inquiry is the "nature" and "function" of the act, not the "act itself."  *Mireles*, 502 U.S. at 13 (*citing Stump*, 435 U.S. at 362).  Hence, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority.  *See Stump*, 435 U.S. at 355–57; *see also Mireles*, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice).  Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction and knew or must have known that he was acting in such a manner.  *See Simmons*, 86 F.3d at 1084–85 (*citing Stump*, 435 U.S. at 356–57).  An act is done in

"clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. *Dykes*, 776 F.2d at 946–47 (citations omitted).

The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Furthermore, for purposes of immunity, a judge's jurisdiction is construed broadly. *See Stump*, 435 U.S. at 357. Thus, where a court has subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. *See Harper v. Merckle*, 638 F.2d 848 (5th Cir. Mar. 5, 1981)[2] (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. *See Stump*, 435 U.S. at 357 (internal marks omitted).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In the instant case, the nature of Plaintiff's complaint against Judge Wells is not entirely clear. It is plain, however, that it stems from the criminal proceeding against Plaintiff. Presiding over criminal proceedings is a function normally performed by a judge. Furthermore, as Plaintiff apparently is a party in the case over which Judge Wells is presiding, he is dealing with Judge Wells in the judge's judicial capacity. Moreover, Plaintiff does not allege, nor do the scant facts alleged suggest, that Judge Wells acted in the complete absence of all jurisdiction. Judge Wells thus is immune from this suit.

Similarly, Plaintiff's claims against State Attorney Eddins and Assistant State Attorney Richardson are subject to dismissal under the doctrine of prosecutorial immunity. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court considered whether traditional common-law immunities for prosecutors, which derived from immunities recognized for judges, applied to civil cases brought under 42 U.S.C. § 1983. The Supreme Court concluded they did. *Imbler*, 424 U.S. at 427–28 (citation omitted). The Court has explained that the common law gives absolute immunity in § 1983 actions for activities that are "'intimately associated with the judicial phase of the criminal process.'" *Van de Kamp v. Goldstein*, 555 U.S. 335,

341 (2009) (*quoting Imbler*, 424 U.S. at 430); *accord Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).

"[A] functional approach has evolved to determine whether executive branch public officials should be granted absolute immunity for taking particular actions, or whether they should enjoy instead only the qualified immunity normally afforded public officials." *Jones*, 174 F.3d at 1282. This functional approach looks to the nature of the function performed, not to the identity of the person who performed it. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). Under this functional analysis, executive branch officials are entitled to absolute immunity for certain functions intimately associated with the judicial process. *Van de Kamp*, 555 U.S. at 343.

Subsequent Supreme Court decisions established outer bounds on what activities qualify for prosecutorial immunity and to which individuals it applies. Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. *See Imbler*, 424 U.S. at 431. A prosecutor is immune for malicious prosecution. *See Malley v. Briggs*, 475 U.S. 335, 342–43 (1986). Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence

in support of a search warrant during a probable cause hearing. *See Burns v. Reed*, 500 U.S. 478, 490–92 (1991); *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997).

Applying these principles, the Eleventh Circuit has emphasized that "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones*, 174 F.3d at 1281. Such absolute immunity "extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.* (internal marks omitted); *accord Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002). Prosecutors have absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate . . . complaints about the prison system, [and] threatening . . . further criminal prosecutions . . . ." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (quotation marks and citations omitted).

Here, Plaintiff's claims are based on Richardson initiating criminal charges and prosecuting the case against him. Those acts concerned Richardson's function as an advocate for the State of Florida. Therefore, Richardson is entitled to immunity from Plaintiff's claims.

With respect to Plaintiff's claims against the Public Defender's Office and Assistant Public Defender White, neither party is subject to liability under § 1983 because neither is a state actor. *See Rolle v. Glenn*, 712 F. App'x 897, 899 (11th Cir. 2017) (finding "the district court properly determined, as to the public defenders, that they are not liable because they are not state actors for purposes of § 1983") (*citing Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding a public defender does not act under color of state law, as required under § 1983, when he performs a lawyer's traditional function by acting as defense counsel in a criminal proceeding)).

Turning to the remaining Defendants, neither the Walton County Jail, the Office of the City Marshal, the Walton County Sheriff's Office, nor the Office of the State Attorney is a proper defendant in this action. A viable § 1983 claim requires that the named defendant be an entity subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is determined by the law of the state in which the district court sits. *Id.* at 1214–15. In Florida, there is no such legal entity as the Walton County Jail, Walton County Sheriff's Office, or Office of the City Marshal. Accordingly, federal courts have consistently dismissed jails and law enforcement agencies or departments as parties on the grounds that, under Florida law, they do not have the capacity to be sued. *See, e.g., Faulkner v.*

*Monroe Cty. Sheriff's Dep't,* 523 F. App'x 696, (11th Cir. 2013) (*citing Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995), for the proposition that the municipality, not the police department, had the power to sue and be sued under Florida law); *Dean*, 951 F.2d at 1214 (dismissing as a defendant to a § 1983 suit a county sheriff's department in Alabama); *Heckman v. Hall*, No. 3:07cv268/MCR/MD, 2007 WL 2175919 at *3 (N.D. Fla. July 25, 2007) (holding that neither sheriff's office nor county jail was a proper party because neither was a legal entity subject to suit), *adopted*, 2007 WL 2428487 (N.D. Fla. 2007); *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983). Because these Defendants are not subject to suit under § 1983, Plaintiff's claims against them fail as a matter of law.

The same is true of the State Attorney's Office, which is a state agency. *See, e.g., Anterio v. City of High Springs Fla.*, 762 F. App'x 891, 896 (11th Cir. 2019) (recognizing FDLE as a state agency); *Heron v. Rappa*, No. 3:11cv423-J-34TEM, 2012 WL 2589231, at *7 (M.D. Fla. Feb. 6, 2012) (recognizing State Attorney's Office as a state agency). As the Eleventh Circuit has recognized, "state agencies are not subject to suit under section 1983." *Smith v. Deal*, 760 F. App'x 972, 975

(11th Cir. 2019) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–71 (1989)).  "Section 1983 provides a cause of action against any 'person' acting 'under color of state law' who deprives an aggrieved person of rights secured by federal law." *Id.* (*quoting* 42 U.S.C. § 1983).  "State agencies are not persons under section 1983." *Id.* (*citing Will*, 491 U.S. at 65).

Although Sheriff Adkinson and City Marshal Weeks may be subject to suit under § 1983, Plaintiff has set forth no allegations against them, much less allegations upon which either Defendant could be found liable for a constitutional violation.  To the extent Plaintiff seeks to hold Sheriff Adkinson or City Marshal Weeks liable for the acts of their subordinates, such claims likewise fail.  Indeed, "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal marks and citation omitted); *see also Polk Cty. v. Dodson*, 454 U.S. 312 (1981); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).  "The mere right to control, without any control or direction having been exercised and without any failure to supervise, is not sufficient to support 42 U.S.C. § 1983 liability." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 n.58 (1979).  "Supervisory liability

occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted).

In *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008), the Eleventh Circuit specified the circumstances in which a causal connection can be shown sufficient to render a supervisor liable on a § 1983 claim, as follows:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* at 1322 (*citing West v. Tillman*, 496 F.3d 1321, 1328–29 (11th Cir. 2007)). Plaintiff makes no such allegations.

With regard to Detectives Rockett and Arnold, Plaintiff alleges the Detectives "performed a Fourth Amendment illegal seizure and then fabricated evidence and tampered with evidence three times in [Plaintiff's] arrest report" (ECF No. 5 at 7). He claims Rockett and Arnold conspired with Defendants Richardson and Wells to frame him "and that if [he] allowed this case to go to trial, [he] might be killed in the

Florida Department of Corrections" (*id.* at 8).  Plaintiff says the "Freemasons here in Walton County are practicing ritual magic against [him]" and that he "become[s] dizzy, and . . . stay[s] depressed and anxious" (*id.*).  Prior to filing his Amended Complaint, he "had a blackout and fell and busted [his] head against the steel sink and the wall," breaking his teeth (*id.*).  The "blackout was not a natural black out. That was an effect of the magic that was used against [him]" (*id.* at 9).

Plaintiff has failed to plead sufficient facts to sustain a Fourth Amendment claim against Rockett and Arnold.  The Fourth Amendment protects against unreasonable searches and seizures.  *See* U.S. Const. Amend. IV.  Plaintiff's Fourth Amendment claim presumably is based upon his arrest.  Although Plaintiff says Rockett and Arnold unlawfully arrested him and fabricated and tampered with evidence, his assertions are wholly conclusory, supported by no factual allegations. As the Eleventh Circuit has recognized, conclusory allegations regarding a warrantless arrest without facts showing a lack of probable cause are insufficient to sustain a Fourth Amendment claim.  *See, e.g., Wright v. Dodd*, Case No. 10-15609, 2011 WL 3611972, at *1 (11th Cir. 2011).  Such claims thus fail.

Moreover, if the underlying criminal matter is still pending, this Court cannot intervene.  Indeed, federal courts cannot intervene in ongoing criminal proceedings

except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971); *see also*, *Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *Luckey v. Miller*, 976 F.2d 673 (11th Cir. 1992). "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges. *See id*.; *see also 31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). An adequate opportunity to raise constitutional challenges exists if "state procedural law does not clearly bar the interposition of the constitutional claims." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1262 (11th Cir. 1997) (internal marks omitted). Here, it appears the state proceeding is ongoing; in the event it is, Plaintiff's claims are barred by *Younger* because Plaintiff has alleged no procedural bar to any state court claim.

In the event the underlying criminal proceeding has concluded, Plaintiff's damages claims are barred by *Heck v. Humphrey*, in which the Supreme Court held

that before a plaintiff may proceed with a § 1983 action "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence has been somehow invalidated.  512 U.S. 477, 486–87 (1994).  If the plaintiff fails to demonstrate the conviction or sentence has been invalidated, any claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id*. at 487.  Plaintiff alleges he was falsely arrested and imprisoned.  Any judgment in his favor necessarily would imply the invalidity of his conviction and/or sentence.  *Id.*

To the extent the state criminal proceedings have concluded, Plaintiff's claims also are barred by the *Rooker-Feldman* doctrine,[1] which precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quotation omitted).  In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), the Supreme Court cautioned against broadly construing *Rooker-Feldman* and held the doctrine should be confined only to "cases brought by state-court losers complaining

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983).

of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Rooker-Feldman*'s reach extends to federal claims raised by the state-court loser that are deemed to be "inextricably intertwined" with the state court judgment such as (1) where the success of the federal claim would "effectively nullify" the state court judgment; and (2) where the federal claim "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotation omitted). Given the basis of Plaintiff's claims—the alleged invalidity of his arrest and imprisonment—Plaintiff's claims are inextricably intertwined with the state court judgment in the event there was one and, if Plaintiff were to prevail in this action, it would "effectively nullify" his conviction and/or sentence.

Finally, Plaintiff is not entitled to the relief he seeks. This court does not have the authority, nor any basis upon which, to order an investigation into the scar on Plaintiff's right arm, as Plaintiff requests. Moreover, Plaintiff's request for "Habeas Corpus Release" can be appropriately asserted only in a habeas corpus action. *See, e.g., Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (noting "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of

his confinement and seeks immediate or speedier release" and that "declaratory or injunctive relief claims which are in the nature of habeas corpus claims—i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release—are simply not cognizable under § 1983") (internal marks omitted).

Plaintiff also is not entitled to the damages he seeks. According to the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by Plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition.

It is evident from the face of Plaintiff's pleadings that Plaintiff was a prisoner at the time he filed this action and that the alleged harm occurred while he was in custody. Based on the facts alleged, Plaintiff has not demonstrated he suffered any injury, much less more than *de minimis* injury, as a result of the Defendants' alleged acts or omissions. Accordingly, Plaintiff is prohibited under the PLRA from recovering compensatory or punitive damages. *Harris v. Garner*, 190 F.3d 1279,

1287-88 (11th Cir. 1999) ("*Harris I*"), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming district court's dismissal, under 42 U.S.C. § 1997e(e), of prisoners' compensatory and punitive damages claims arising from prison officials' alleged unconstitutional conduct, where prisoners alleged no physical injury arising from that conduct); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's claims be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 18th day of December 2019.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.** A copy of objections must be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No.:  3:19cv1988/LAC/EMT